[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
Before the court is the plaintiff's application for a prejudgment remedy filed on September 15, 2000. In the affidavit he filed in support of his application, the plaintiff, Emanuel Dragone alleges that he and t.he defendant, Keith R. Duly, entered into a business transaction as partners. According to the defendant's testimony, the transaction involved the purchase of a collection of classic Italian automobiles. The plaintiff alleges that he and the defendant executed a collateral note in favor of D'Addario on June 26, 1997, to fund part of the purchase. According to the terms of the collateral note, on August 26, 1997, the plaintiff and the defendant were required to pay D'Addario $1 million plus either, interest totaling $150,000 or a discount of $200,000 from the wholesale price of an automobile of his selection. The plaintiff alleges that he and the defendant agreed to repay the funds equally. The plaintiff claims that he paid D'Addario $1,150,000 and that the defendant has not paid any money to satisfy the debt. The plaintiff alleges that the defendant owes him one half of the payment and seeks to recover $575,000 plus interest. In his application, he seeks to attach real estate and a brokerage account owned by the defendant. The court held a hearing on the plaintiff's application on October 10, 2000. At the hearing, the defendant testified that the parties did not discuss payment arrangements. The issue is whether the defendant is a co-maker of the collateral note and thus liable to the plaintiff, or an accommodation maker and thus not liable to the plaintiff as the accommodated party.
"An accommodated party who pays the instrument has no right of recourse against, and is not entitled to contribution from, an accommodated CT Page 1418 party." General Statutes § 42a-3-419(e). Thus, if the defendant is an accommodation party, the plaintiff having paid the note as the accommodated party, has no right of recourse against him. "Except as otherwise provided in the instrument, two or more persons who have the same liability on an instrument as makers . . . are jointly and severally liable in the capacity in which they sign." General Statutes §42a-3-116(a). "Except as provided in section 42a-3-419(c) or by agreement of the affected parties, a party having joint and several liability who pays the instrument is entitled to receive from any party having the same joint and several liability contribution in accordance with applicable law." General Statutes § 42a-3-116(b). Therefore, if the defendant is a co-maker, the plaintiff having paid the note as another co-maker is entitled to seek contribution from the defendant.
"If an instrument is issued for value given for the benefit of a party to the instrument (`accommodated party') and another party to the instrument (`accommodation party') signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party `for accommodation'." General Statutes § 42a-3-419(a). "A person signing an instrument is presumed to be an accommodation party and there is notice that the instrument is signed for accommodation if the signature is an anomalous endorsement or is accompanied by words indicating that the signer is acting as surety or guarantor with respect to the obligation of another party to the instrument." General Statutes § 42a-3-419(c).
"Because an accommodation party signs an instrument for the purpose of lending his name to another party to it, the essential character of an accommodation party is that of a surety." Catania v. Catania,26 Conn. App. 359, 363, 601 A.2d 543 (1992). "The defendant, as the party claiming accommodation status, bears the burden of proving his accommodation status, which includes proof of the holder's knowledge or acceptance of him as an accommodation maker . . . The intention of the parties is an important factor to consider when determining accommodation status. . . .[I]t is a question of the intention of the person claimed to be an accommodation party, the person who would be the accommodated party . . . and the person who was the holder of the paper when the alleged accommodation party signed. . . .The intention of the parties as to accommodation status is a factual issue." (Emphasis in original; citations omitted; internal quotation marks omitted.) Id, 364.
In this case, although the defendant has testified as to his intentions, he did not present any evidence to establish that the plaintiff or D'Addario, the note holder, knew or understood the defendant to be an accommodation maker on the collateral note.[1] To the CT Page 1419 contrary, in his affidavit, the plaintiff stated that he and the defendant "were partners in the business transaction" and that he and the defendant "agreed to repay these funds equally." (Emphasis added.) In a complaint in a related action, D'Addario alleges that the plaintiff and the defendant often worked as partners or joint venturers in the acquisition and sale of vintage cars and that they were acting together as joint venturers in soliciting the loan at issue from him.[2]
Furthermore, the defendant's signature on the collateral note is not accompanied by any language indicating that the defendant was signing as an accommodation party or that the defendant was a surety or guarantor with respect to the plaintiff's obligation on the instrument. The language of the collateral note provides, in pertinent part, "[w]e the undersigned promise to pay to the order of David D'Addario . . . the sum of One Million Dollars. . . . and in the event of default by the debtors
herein [the collateral] shall be delivered to [D'Addario]." (Emphasis added.) In addition to the collateral note, the defendant also allegedly signed a letter relating to the June 26, 1997 transaction without indicating that he was signing the letter as an accommodation party. Thus, the evidence leads to the conclusion that the defendant was a co-maker of the collateral note. The court concludes that the defendant has not met the burden of showing that he was an accommodation party of the collateral note.
The defendant has failed to show that he is an accommodation maker because he did not provide evidence that the plaintiff and D'Addario, the note holder, knew or understood the defendant to be an accommodation maker and because the language of the collateral note and the defendant's signature thereto does not indicate his status as an accommodation maker. Accordingly, the court finds that the defendant is a co-maker of the collateral note. As a co-maker of the note satisfied in full by the payment of $1,150,000 by the plaintiff, the defendant is liable for one-half of said amount. Therefore, the plaintiff's Application for Prejudgment Remedy is granted in the amount of $600,000.
SKOLNICK, J.